**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOHN J. TATAR,

                Plaintiff,           CASE NO. 11-13090

v.                                      HON. MARIANNE O. BATTANI

WACHOVIA BANK, N.A.,

                Defendant.
_____/


**ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS***

This matter is before the Court on Plaintiff John Tatar's Application to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915. The Court has reviewed Plaintiff's Application and Complaint. For the reasons that follow, Plaintiff's application is **GRANTED**, and Plaintiff's Complaint is **DISMISSED**.

The standards governing *in forma pauperis* applications are set forth in 28 U.S.C. § 1915(a). The district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who makes an affidavit that he is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The court must examine the financial condition of the applicant in order to determine whether the payment of fees would cause an undue financial hardship. Prows v. Kastner, 842 F.2d 138, 140 (5th Cir. 1988).

Plaintiff's claim of indigence is supported by his application. See Phipps v. King, 866 F.2d 824, 825 (6th Cir. 1988); Foster v. United States, 344 F.2d 698, 699-700) (6th Cir. 1965) (per curiam). Based on his affidavit, the Court concludes that paying the filing fee is beyond Plaintiff's means. Consequently, the Court grants Plaintiff's application.

Even if a plaintiff establishes indigence, the screening mandated by Congress in § 1915(e)(2) includes the obligation to dismiss a civil complaint if it "fails to state a claim on which relief may be granted." See 28 U.S.C. § 1915(e)(2)(B)(ii). Title 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
>
> (i)   is frivolous or malicious;
> (ii)  fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court is familiar with Plaintiff's claims, which he advanced in an earlier filed case, No. 11-1122, which was dismissed on the merits pursuant to a dispositve motion. In his first case, Plaintiff raised claims arising out of a mortgage he entered into with World Savings Bank, FSB (WSF). He alleged that Wachovia Bank N.A. ("Wachovia") violated the Fair Fair Debt Collection Practices Act ("FDCPA") and that the foreclosure by advertisement violated the governing state statute because the Special Deputy conducting the sheriff's sale was not appointed properly.

In his newly filed Complaint, Tatar adds two additional defendants, Wells Fargo Bank, N.A ("Wells Fargo"), and Trott & Trott, P.C (Trott & Trott). He again alleges that Wachovia (as well as Wells Fargo) failed to validate his debt in violation of the FDCPA. Tatar again alleges a violation of the state statute, but asserts that the violation occurred because the parties foreclosing the mortgage were not the "owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the

2

mortgage." See MICH. COMP. LAWS § 600.3204(1)(d).

The Court finds that the pending Complaint is barred by res judicata as to Wachovia and Wells Fargo.  As a general rule, the doctrine of res judicata "is applicable to a second suit involving the same cause of action that was raised in the first suit, and will bar relitigation of issues which actually were or might have been presented before the court in the first action." Senior Accountants, Analysts, and Appraisers Ass'n v. City of Detroit, 231 N.W.2d 479, 481 (Mich. App. 1975).  In other words, "[c]laim preclusion applies not only to bar the parties from relitigating issues that were *actually* litigated but also to bar them from relitigating issues that *could have been raised* in an earlier action." J.Z.G. Resources, Inc. v. Shelby Ins. Co., 84 F.3d 211, 214 (6th Cir. 1996) (emphasis in original).

The Supreme Court has suggested that courts may raise preclusion sua sponte, provided "special circumstances" exist.  Arizona v. California, 530 U.S. 392, 412 (2000). The reasoning is sound–to hold otherwise would undermine the doctrine which "is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste."  Id.

Here, this Court finds that special circumstances require it to consider preclusion sua sponte.  Plaintiff seeks to proceed without payment of fees, and the Court is required by statute to assess whether his action states a claim.  Moreover, the filing fee requirement offers some incentive for a litigant to consider the merits of his claim before squandering his own resources or those of the court.  That incentive is not present in this situation. Therefore, the Court directs its attention to whether res judicata is applicable.

The Court finds that res judicata bars this subsequent action because all of the elements are met: "(1) the first action was decided on the merits, (2) the matter contested

in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." See Dart v. Dart, 586, 597 N.W.2d 82, 88 (Mich. 1999). Here, Plaintiff's claims arise from the same transaction challenged in his first lawsuit, and had he exercised reasonable diligence, he could have raised all of these claims. See Adair v. State, 680 N.W.2d 386, 396 (Mich. 2004). Further, the Court's dismissal of Plaintiff's claims against Wachovia in the previous suit constitutes a final decision on the merits. Further, the dismissal applies not only to Wachovia but also to Wells Fargo, as they are the "same parties or their privies." WSF became Wachovia, which subsequently merged into Wells Fargo. (See Sheriff's Deed on Mortgage Sale, Doc. No. 1, Ex. D.)

Plaintiff also fails to state a claim as to Trott & Trott. In paragraph 25 of his Complaint, Plaintiff alleges that Trott & Trott failed to comply with MICH. COMP. LAWS § 600.3204(1)(d) and therefore the foreclosure proceedings are void *ab initio*. (Doc. No. 1, ¶ 25). Trott & Trott did not foreclose the property, it merely represented Wells Fargo in the foreclosure process. (See Doc. No. 1, Ex. D).

Therefore, Plaintiff's application is **GRANTED**, and his Complaint is **DISMISSED.** Accordingly, Plaintiff's Emergency Motion to Stay Proceedings and Reinstate Escrow Account in the 16th Judicial District Landlord Tenant Court Until Plaintiff John Tatar's 1st Amended Complaint is Heard in the U.S. District Court (Doc. No. 4) is **DISMISSED** as moot.

**IT IS SO ORDERED.**

                                    s/Marianne O. Battani
                                    MARIANNE O. BATTANI
                                    UNITED STATES DISTRICT JUDGE

Dated: July 29, 2011

**CERTIFICATE OF SERVICE**

A copy of this Order was mailed to Plaintiff on this date by ordinary mail and/or electronic filing.

                                    s/Bernadette M. Thebolt
                                    Case Manager